UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shakur A. Muhaimin, | ) | C/A No. 5:15-cv-04972-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Dr. T. Jacobs, and | ) | |
| Dr. Barry Wineglass, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On February 19, 2016, Defendant filed a Motion to Dismiss the case. ECF No. 15. Because Plaintiff is proceeding pro se, on February 22, 2016 the court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising him of the importance of a motion to dismiss and of the need for him to file an adequate response. ECF No. 18. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's Motion may be granted, thereby ending this case. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff has failed to respond to the Motion. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff has failed to respond to the Motion. The court served a second Order on March 31, 2016, directing Plaintiff to file a response to the Motion to Dismiss on or before April 11, 2016. ECF No. 20. The court has received no communication from Plaintiff.

I.     Failure to Prosecute

Because Plaintiff filed no response whatsoever to either of the court's orders regarding the pending Motion to Dismiss, it appears that he does not oppose Defendants' Motion and

wishes to abandon his action. Therefore, the undersigned recommends Plaintiff's action be dismissed with prejudice for failure to prosecute *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Under *Davis*, a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions. *Davis*, 588 F.2d at 70; *see Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same)). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). However, in light of Plaintiff's verified Complaint and applicable law the undersigned will address Plaintiff's Motion to Dismiss below. *See* 28 U.S.C. § 1746 (a party's signature "under penalty of perjury" and an execution date qualifies a pleading as "verified"); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (a verified complaint is the equivalent of an opposing affidavit, when the allegations contained therein are based on personal knowledge); *Slappy v. Bazzle*, No. 0:05-0014-DCN-BM, 2005 WL 6139235, *1 n.3 (D.S.C. Nov. 21, 2005) (noting that, in the Fourth Circuit, "verified complaints or petitions filed by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge") (citing *Williams*, 952 F.2d at 823)); *see also Jackson v. Palmetto Baptist Hosp.*, No. 3:05-1901-CMC-BM (D.S.C. 2005) (applying *Williams* to a motion to dismiss).

II.     Failure to State a Plausible Claim

A.      Factual Background

In the Complaint filed in this case, Plaintiff alleged that he is a sick, elderly person who was physically injured when Charleston County law enforcement officers raided his home, leading to his detention at the Charleston County Detention Center ("CCDC") since August 2015. Compl. 3, ECF No. 1. He further alleged that his artificial knee and his right arm were damaged by the law-enforcement action and he "complained" about the damage during "the screening process," but that as of December 12, 2015, he had not yet seen either of the Defendants, who appear to be the contracting physicians at CCDC. *Id*. Plaintiff alleged that he was unable to get a cane through CCDC's medical provider and Defendants' place of business Carolina Center for Occupational Health, because he had not been seen by either Defendant, and they refused to see him, get him a cane, or refer him to an orthopedic surgeon despite his and his family's continuing efforts to obtain medical care. *Id*. Plaintiff acknowledged that he is receiving kidney dialysis through the CCDC's medical system "3 times a week," but he asserted that he was having problems with his knee ("it's stuck out straight and does not bend") and with his right arm ("can not raise [it] above my head . . . ."). *Id*. Plaintiff alleged that he asked to be seen by his own doctor at his own expense, but said that he received no response to his requests. *Id*. at 4. Plaintiff asserted that he was told by "nursing staff" that it was a "cost issue" and that Defendants "hope I just bond out and go home." As relief, Plaintiff requests to see "an orthopedic doctor," to see his own doctor "for internal bleeding," and to be seen by his own "renal doctor." *Id*. at 5.

B.      Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12 tests the sufficiency of the complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). To survive a motion to

3

dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662, 680. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

C.     Discussion

The Complaint submitted in this case should be dismissed because Plaintiff's allegations, even liberally construed, fail to state a plausible medical-indifference claim under 42 U.S.C. § 1983[1] against either Defendant and no other basis for this court's exercise of subject-matter jurisdiction is evident on the face of the pleading. Although both state and federal prisoners

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d at 495; *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C., Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case. The *Farmer* Court stated that "deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835. It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. *Id*. at 837; *see Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (subjective component not shown where no allegations that certain defendants knew of the alleged deprivation or could take action to change medical official's orders "for [prisoner's] own protection").

    The Complaint allegations show that Plaintiff is receiving some medical care while detained as evidenced by his admission that he receives "jail dialysis" and that he had interactions with the nursing staff. While Plaintiff may consider it desirable to be physically examined by the Defendants, such feelings do not change the fact that a detainee does not have a right to receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817-18 (1st Cir.

1988); *Sanchez v. Coleman,* No. 2:13-CV-0982, 2014 WL 7392400, at *7 (W.D. Pa. Dec. 11, 2014). At most, the allegations indicate that Plaintiff is not satisfied with the quantity or quality of the medical care he had received at CCDC as of the time the Complaint was filed and wished to receive different or additional medical care and treatment. Thus, Plaintiff's allegations do not permit an inference that his medical needs are being ignored by Defendants. The allegations do not satisfy the objective prong of a plausible medical-indifference claim.

Furthermore, Plaintiff's minimal factual allegations about not yet being seen or examined by either Defendant and about his not being allowed to see his own physician are not sufficient to support a reasonable inference that either Defendant was deliberately indifferent to Plaintiff's medical needs. There is nothing indicating that either doctor was aware of any efforts by Plaintiff to be physically examined by one of them. Plaintiff does not allege that he specifically asked to see either Defendant, much less that either Defendant knowingly and intentionally refused to see him or was even informed of his alleged knee and arm problems. Plaintiff does not allege that either Defendant had any personal involvement in the alleged lack of a response to his request to see his own doctor at his own expense. Thus, the allegations fail to satisfy the subjective prong of a plausible medical-indifference claim. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (medical-indifference claim requires consideration of both an objective and a subjective component); *Harden v. Green*, 27 F. App'x 173, 176 (4th Cir. 2001) (same); *see also Kentucky v. Graham*, 473 U.S. 159 (1985) (to state a plausible § 1983 claim, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued) ; *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012) (same).

Under the circumstances presented by the Complaint in this case, Plaintiff fails to state a plausible § 1983 claim for medical indifference against either Defendant in this case. *See Keeler*

*v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under the Fourteenth Amendment); *see also Scott v. Hamidullah*, No. 05-3027, 2007 WL 904803, at *5 n.6 (D.S.C. Mar. 21, 2007) (citing *Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)). At most, Plaintiff's allegations support an inference of negligence on Defendants' part, which is not actionable as a federal claim pursuant to 42 U.S.C. § 1983. *See DeShaney v. Winnebage County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989) (federal actions for damages against state actors pursuant to 28 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law); *Primus v. Lee*, 517 F. Supp. 2d 755, 758 (D.S.C. 2007) (state-law based medical malpractice/negligence is not cognizable under 42 U.S.C. § 1983, but it is cognizable in federal diversity actions); *see also Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (the complete diversity rule requires that, to maintain a diversity suit in federal court, no plaintiff can be a citizen of the same state as any of the defendants).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss, ECF No. 15, be *granted* and that Plaintiff's Complaint dismissed with prejudice for failure to prosecute and for failure to show deliberate indifference to a serious medical need.

IT IS SO RECOMMENDED.

April 26, 2016                                              Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties' attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).